# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMARCUS V. ARMSTRONG, | No. 2:18-CV-1999-DMC-P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties (ECF Nos. 10 and 11), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is petitioner's motion (ECF No. 14) for a stay-and-abeyance order to allow petitioner to return to state court to exhaust additional claims not raised in the current habeas petition.

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner

1

seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). <u>See</u> <u>Jackson,</u> 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Robbins</u>, 481 F.3d 1143, applies. <u>See Jackson,</u> 425 F.3d at 661; <u>see also</u> <u>King v. Ryan</u>, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

   Under <u>Rhines,</u> as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. <u>See</u> <u>Rhines v. Weber,</u> 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. <u>See</u> <u>id.</u> at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. <u>See</u> <u>id.</u> at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition. <u>See</u> <u>Calderon v. United States Dist. Ct. (Taylor),</u> 134 F.3d 981, 986-88 (9th Cir. 1998).

   Under <u>Kelly</u>, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." <u>Jackson,</u> 425 F.3d at 661 (citing <u>Kelly</u>, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. <u>See</u> <u>Kelly</u>, 315 F.3d at 1070. However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." <u>Id.</u> Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. <u>See</u> <u>id.</u>

2

In this case, petitioner's current federal petition contains two fully-exhausted claims. See e.g. ECF No. 1. In his stay-and-abeyance motion, petitioner seeks a stay of six to eight months to allow him to return to state court to exhaust "(7) I.A.C. claim's [sic] and other claims he believes pertains [sic] to the case." ECF No. 14, pg. 1. Petitioner does not describe these claims in any more detail or provide the court with any indication of the nature of or factual bases for these new unexhausted claims.

Because the current petition is fully exhausted, the Rhines procedure does not apply and this court analyzes petitioner's motion under Kelly. Because petitioner has not described the nature of the new claims, he has not demonstrated the new claims would relate back to the claims presented in the current petition. See King, 564 F.3d at 1141-42. Thus, petitioner has failed to show that a discretionary stay under Kelly is necessary to preserve otherwise valid claims. See Kelly, 315 F.3d at 1070. Indeed, absent any description of the nature of the unexhausted claims petitioner seeks to add to this case upon state court exhaustion, the court is unable to assess the validity of the new claims.

Petitoner's motion for a stay-and-abeyance order is denied. The merits of petitioner's petition will be addressed separately.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a stay-and-abeyance order (ECF No. 14) is denied.

Dated: June 12, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE